# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 1:21-CR- 0007 |
| | ) | |
| v. | ) | (JUDGE           ) |
| | ) | |
| VIRGINIA HAYDEN, | ) | |
| | ) | (Electronically Filed) |

## INDICTMENT

**THE GRAND JURY CHARGES:**

FILED
HARRISBURG, PA

FEB 0 3 2021

PER_____
DEPUTY CLERK

### *INTRODUCTION*

At all times material to this indictment:

1. The Social Security Administration ("SSA"), an agency of the United States, administered certain government benefit programs, including the Retirement and Survivor's Insurance ("RSI") benefit program, pursuant to Title 42, United States Code, Sections 401-433.

2. The RSI program was an earned-right program funded through Social Security wage taxes. When an individual worked, that individual paid taxes on his or her wages into the Social Security trust fund. If that individual paid sufficient Social Security taxes to earn sufficient "credits," as that term was defined for purposes of the Social Security Act, he or she, or eligible dependents, including spouses, were eligible to receive retirement benefits upon reaching a certain age.

3.   RSI payments continued until the entitled individual died.

4.   An individual known to the defendant VIRGINIA HAYDEN, identified herein as "T.H.," received RSI benefits during his lifetime. The SSA issued T.H.'s RSI benefits via wire deposit into his bank account, which was held jointly with defendant HAYDEN. No other individual was entitled to receive T.H.'s Social Security payments.

5.   T.H. has been missing since 2011 and has not accessed his Social Security payments since that time.

6.   The Social Security Administration does not have a record that it was notified that T.H. was missing or deceased. As a result, it continued to issue payments to T.H. after he became missing.

## COUNTS 1-14
## Wire Fraud
## (18 U.S.C. § 1343)

### THE SCHEME TO DEFRAUD

7.  From in or about 2011 through in or about April 3, 2017, defendant,

**VIRGINIA HAYDEN,**

devised and intended to devise a scheme to defraud the Social Security Administration and to obtain money from the SSA in the form of benefit payments intended for T.H. by fraudulently converting to her own use the benefit monies deposited into the jointly-held bank account with T.H. that she was not entitled to receive.

8.  It was the object of the scheme described in paragraph 8 for defendant VIRGINIA HAYDEN to receive approximately $113,471 in SSA benefit payments intended for T.H. that defendant HAYDEN was not entitled to receive.

### MANNER AND MEANS

It was part of the scheme that:

3

9. Prior to the disappearance of T.H., T.H. arranged to have his SSA benefits deposited into a savings account jointly-held with defendant VIRGINIA HAYDEN. After T.H. disappeared, defendant VIRGINIA HAYDEN did not remove his name from this bank account.

10. After T.H.'s disappearance, SSA continued to make his benefit payments via wire deposit into this jointly-held bank account. Subsequent to T.H.'s death, defendant VIRGINIA HAYDEN accessed the SSA benefit payments intended for T.H. that were deposited into the jointly-held bank account.

11. SSA terminated T.H.'s RSI benefits payments in or about May of 2017. Defendant VIRGINIA HAYDEN converted the SSA and pension benefits intended for T.H. between his disappearance in 2011 through May of 2017.

12. From in or around 2011 through in or about April 2017, in York and Cumberland Counties, in the Middle District of Pennsylvania, and elsewhere, defendant

**VIRGINIA HAYDEN,**

for the purpose of executing the scheme described above, and attempting to do so, knowingly caused to be transmitted in interstate commerce, by means of wire communication, certain signs, signals, and sounds, namely, a wire transfer of funds representing benefit payments from the SSA to the deceased T.H., which the defendant VIRGINIA HAYDEN then accessed and used, each transfer constituting a separate count:

| COUNT | APPROXIMATE DATE OF WIRE TRANSFER | DESCRIPTION OF WIRE TRANSFER |
|---|---|---|
| 1 | March 3, 2016 | SSA payment of $1,896 by wire transfer from Philadelphia, Pennsylvania to Kansas City, Missouri, to East Rutherford, New Jersey, to Wilson, North Carolina to the Middle District of Pennsylvania. |
| 2 | April 1, 2016 | SSA payment of $1,896 by wire transfer from Philadelphia, Pennsylvania to Kansas City, Missouri, to East Rutherford, New Jersey, to Wilson, North Carolina to the Middle District of Pennsylvania. |

| COUNT | APPROXIMATE DATE OF WIRE TRANSFER | DESCRIPTION OF WIRE TRANSFER |
|---|---|---|
| 3 | May 3, 2016 | SSA payment of $1,896 by wire transfer from Philadelphia, Pennsylvania to Kansas City, Missouri, to East Rutherford, New Jersey, to Wilson, North Carolina to the Middle District of Pennsylvania. |
| 4 | June 3, 2016 | SSA payment of $1,896 by wire transfer from Philadelphia, Pennsylvania to Kansas City, Missouri, to East Rutherford, New Jersey, to Wilson, North Carolina to the Middle District of Pennsylvania. |
| 5 | July 1, 2016 | SSA payment of $1,896 by wire transfer from Philadelphia, Pennsylvania to Kansas City, Missouri, to East Rutherford, New Jersey, to Wilson, North Carolina to the Middle District of Pennsylvania. |
| 6 | August 3, 2016 | SSA payment of $1,896 by wire transfer from Philadelphia, Pennsylvania to Kansas City, Missouri, to East Rutherford, New Jersey, to Wilson, North Carolina to the Middle District of Pennsylvania. |
| 7 | September 2, 2016 | SSA payment of $1,896 by wire transfer from Philadelphia, Pennsylvania to Kansas City, Missouri, to East Rutherford, New Jersey, to Wilson, North Carolina to the Middle District of Pennsylvania. |

| COUNT | APPROXIMATE DATE OF WIRE TRANSFER | DESCRIPTION OF WIRE TRANSFER |
|---|---|---|
| 8 | October 3, 2016 | SSA payment of $1,896 by wire transfer from Philadelphia, Pennsylvania to Kansas City, Missouri, to East Rutherford, New Jersey, to Wilson, North Carolina to the Middle District of Pennsylvania. |
| 9 | November 3, 2016 | SSA payment of $1,896 by wire transfer from Philadelphia, Pennsylvania to Kansas City, Missouri, to East Rutherford, New Jersey, to Wilson, North Carolina to the Middle District of Pennsylvania. |
| 10 | December 2, 2016 | SSA payment of $1,896 by wire transfer from Philadelphia, Pennsylvania to Kansas City, Missouri, to East Rutherford, New Jersey, to Wilson, North Carolina to the Middle District of Pennsylvania. |
| 11 | January 3, 2017 | SSA payment of $1,901 by wire transfer from Philadelphia, Pennsylvania to Kansas City, Missouri, to East Rutherford, New Jersey, to Wilson, North Carolina to the Middle District of Pennsylvania. |
| 12 | February 3, 2017 | SSA payment of $1,901 by wire transfer from Philadelphia, Pennsylvania to Kansas City, Missouri, to East Rutherford, New Jersey, to Wilson, North Carolina to the Middle District of Pennsylvania. |

| COUNT | APPROXIMATE DATE OF WIRE TRANSFER | DESCRIPTION OF WIRE TRANSFER |
|---|---|---|
| 13 | March 3, 2017 | SSA payment of $1,901 by wire transfer from Philadelphia, Pennsylvania to Kansas City, Missouri, to East Rutherford, New Jersey, to Wilson, North Carolina to the Middle District of Pennsylvania. |
| 14 | April 3, 2017 | SSA payment of $1,901 by wire transfer from Philadelphia, Pennsylvania to Kansas City, Missouri, to East Rutherford, New Jersey, to Wilson, North Carolina to the Middle District of Pennsylvania. |

All in violation of Title 18, United States Code, Section 1343.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 15
### Conversion of Government Funds
### (18 U.S.C. § 641)

13.   Paragraphs 1 through 11 of this indictment are realleged here.

14.   Beginning in or around 2011 and continuing through on or about April 3, 2017, in the Middle District of Pennsylvania and elsewhere, the defendant

**VIRGINIA HAYDEN,**

knowingly converted to her own use money of the United States in excess of $1,000, that is, approximately $113,471 in SSA benefits that were intended for T.H., who was missing, to which the defendant knew she was not entitled.

In violation of Title 18, United States Code, Section 641.

## NOTICE OF FORFEITURE

## THE GRAND JURY FURTHER FINDS PROBABLE CAUSE:

15. The allegations contained in Counts 1 through 15 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and 28, United States Code, Section 2461.

16. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and 28 United States Code, Section 2461, upon conviction of the offenses in violation of Title 18, United States Code, Sections 1343, and 641, the defendant,

## VIRGINIA HAYDEN

shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

    a. $113,471 in U.S. Currency, constituting proceeds traceable to the offenses.

17. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.

A TRUE BILL

Foreperson
Date: 02/03/2021

BRUCE D. BRANDLER
ACTING UNITED STATES ATTORNEY

SCOTT R. FORD
ASSISTANT U.S. ATTORNEY